**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AGNES GEORGES,

                        Plaintiff,

       - v -                                          Civ. No. 1:17-CV-0524
                                                                   (BKS/DJS)

ERIC SCHNEIDERMAN, *et al.*,

                        Defendants.

**APPEARANCES:**                             **OF COUNSEL:**

AGNES GEORGES
Plaintiff, *Pro Se*
12 St. Joseph Terrace
Albany, NY 12210

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

     This matter returns to the Court for review of *pro se* Plaintiff Agnes Georges' Amended Complaint in accordance with 28 U.S.C. § 1915(e). Dkt. No. 12, Am. Compl. In a Report-Recommendation and Order, dated July 19, 2017, this Court reviewed Plaintiff's original Complaint and recommended that it be dismissed for failure to state a claim, with leave to file an Amended Complaint. Dkt. No. 5, Rep.-Rec. & Order. This Court specifically found that the Complaint failed "to satisfy the basic pleading requirements of Federal Rules of Civil Procedure 8 and 10." *Id.* at pp. 4-5. On September 26, 2017, the Honorable Brenda K. Sannes, United States District Judge, adopted this Court's recommendation, and granted Plaintiff thirty days to file an amended complaint. Dkt. No. 9, Order. On October 19, 2017, Plaintiff filed an Amended Complaint, including exhibits. Am. Compl.

This Court stated the standards for initial review of a complaint pursuant to 28 U.S.C. § 1915(e) in its July Report-Recommendation and Order. *See* Rep.-Rec. & Order at pp. 2-4. Plaintiff's Amended Complaint suffers from the same deficiencies as her original Complaint, namely, that it fails to comply with Federal Rules of Civil Procedure 8 and 10. In a disjointed narrative, Plaintiff complains about being arrested multiple times, her daughter being abused, and an undefined conspiracy by law enforcement against her and her children. *See* Am. Compl. The Amended Complaint is partially contained upon this District's *pro forma* complaints for actions brought pursuant to 42 U.S.C. § 1983 and pursuant to Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e-5. Among the numerous exhibits is correspondence with the New York State Office of the Attorney General, Civil Rights Bureau and New York Division of Human Rights. *See* Dkt. No. 12-1. At the most basic level, however, the Amended Complaint is devoid of specific factual allegations of wrongdoing against identifiable defendants. Even employing its best efforts in due deference to Plaintiff's *pro se* status, the Court is unable to discern whom Plaintiff intends to name as Defendants, what legal claims she seeks to pursue, and the factual basis for those claims. The Amended Complaint therefore does not provide the Defendants with adequate notice of Plaintiff's claims and enable them to respond. Since Plaintiff has already received an opportunity to correct the deficiencies in her pleading, the Court recommends that Plaintiff's Amended Complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e) for failure to state claim.

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint (Dkt. No. 12) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and

Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: November 15, 2017
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).